ALVIN HYATT *et al.*, appellants, *v.* AMOS HARMON, appellee.

*Appeal from De Kalb.*

A. sued B. before a justice of the peace, and subsequently they went before the justice, and made an agreement, which was entered on his docket, that their partnership accounts should be referred to arbitrators, of whom the justice was one, that their award should be returned to said justice, and that he should enter up a judgment in favor of the prevailing party: *Held,* that the justice, by virtue of the twentieth section of the *"Act concerning justices of the peace and constables,"* had power to enter up a judgment in such case.

Partners may submit their partnership accounts to the decision of a justice of the peace, under the provisions of the nineteenth section of the *"Act concerning justices of the peace and constables,"* and he may entertain jurisdiction thereof, without process, by entering the suit upon his docket and noting the consent of the parties, when he may proceed as in other cases, provided the amount at issue does not exceed his jurisdiction.

In a suit brought by A. against B. and C. for an alleged trespass, a judgment of a justice of the peace, who was one of the defendants, in a former suit between A. and B. rendered by their consent, together with the execution issued thereon, was *held* to be properly admissible in evidence in such suit.

TRESPASS, in the De Kalb Circuit Court, at the September term 1843, before the Hon. John D. Caton, brought by the appellee against the appellants. Trial by the Court, and judgment for the plaintiff below for $32·53.

A history of the case appears in the Opinion of this Court.

*H. Brown,* for the appellants:

1. The right of Hyatt and Harmon to submit their partnership accounts to arbitration cannot be questioned. *Gerrish* v. *Ayres,* 3 Scam. 246.

2. An award is as binding as a judgment at law, or decree in Chancery. 3 Phil. Ev. 1025, and the cases there cited. This doctrine prevails universally. Ib. 1026, and the cases there cited.

3. An award extinguishes the original demand. 3 Phil. Ev. 1026. It is so, when the award is made in pursuance of a parol submission. *Wells* v. *Lane,* 15 Wend. 103; *Gerrish* v. *Ayres,* 3 Scam. 246.

4.   Evidence to show a mistake is admissible.   3 Phil. Ev. 841, 1031; *Newland* v. *Douglass,* 2 Johns. 62; *Ballow* v. *Todd,* 3 do. 367; Chancery only can relieve.

5.   When the award is made, the power of the arbitrators terminates.   3 Phil. Ev. 1034.

6.   All presumptions are in favor of the award.   3 Phil. Ev. 1027.

7.   Parties to a suit may submit their differences to arbitration, and a justice of the peace may enter a judgment on the award.   Gale's Stat. 407; R. L. 392; *Van Winkle* v. *Beck,* 2 Scam. 489; *Gerrish* v. *Ayres,* 3 do. 249.

*O. Peters,* for the appellee:

1.   The justice had no authority to render the judgment under which the appellants justified.   A justice has no jurisdiction or authority, except what is given by statute, and if he goes beyond the prescribed limits, he does it at his peril. *Evans* v. *Pierce,* 2 Scam. 469.

An award by referees agreed upon, is only authorized where a suit is pending.   Gale's Stat. 407, § 20; R. L. 392.

2.   The execution was irregular, and furnished no justification, not being in the form prescribed by the statute.   Gale's Stat. 406, § 27; R. L. 394.

3.   It was irregular for the justice to act as referee.   The statute clearly intends that others than the justice shall be the referees; they are but a substitute for a jury, and the justice is to be the Court to receive the award or verdict, which is to be "delivered to him."   Gale's Stat. 407; R. L. 392.

4.   The Court will look into the whole record, and if substantial justice has been done, will not disturb the verdict and judgment, though there may be some error.   *Leigh* v. *Hodges,* 3 Scam. 18.

By the final finding of the referees, Hyatt was indebted to Harmon $1·16.   The justice ought not to have issued the execution to enforce the payment of a debt which he knew was not due.

Hyatt *et al. v.* Harmon.

The Opinion of the Court was delivered by

SHIELDS, J.*    This was an action of *trespass de bonis asportatis,* commenced in the Circuit Court of De Kalb county, at the May term 1842, by the appellee against the appellants. The declaration contains two counts in the usual form. Defendants pleaded severally the general issue with notice of special matter.    The cause was tried by the Court, and judgment rendered against the defendants for $32·53.    The bill of exceptions taken in the case shows the following state of facts, to wit:

"The plaintiff, to support the issue, offered one John Ward, a constable, who testified that, on the 8th day of November, 1842, he received from Thomas F. Latham, an acting justice of the peace for said county, an execution issued by said justice in favor of said Hyatt against said Harmon, by virtue of which he levied upon and sold a two years' old colt, appraised at sixty dollars, for one hundred dollars; that he received $32·53, being the amount of said execution, interest and costs, and the balance was settled with said Harmon. The defendant then moved for judgment in favor of said Latham, for the reason, as alleged, that no proof of a trespass committed by him had been given.    The objection was overruled and the opinion of the Court excepted to by defendants' counsel.    The defendants then offered in evidence the execution testified to by Ward; also, the transcript of a judgment, which recited that it was mutually agreed between Amos Harmon and Alvin Hyatt, that their co-partnership accounts should be settled by S. H. Lay, Robert Sterrett, A. Pratt, Simon Price, Daniel Bagley, and Thomas F. Latham. On June 24th, the arbitrators decided that Amos Harmon owed Alvin Hyatt $28·66, for which sum judgment is rendered" The execution issued upon this judgment.    Both were objected to by plaintiff's counsel, and received, subject to any legal objection thereto.

The award of the arbitrators was next offered in evidence.

---

* WILSON, C. J. did not hear the argument in this cause, and gave no opinion.

It was in writing, signed by all the arbitrators, and found that Harmon owed Hyatt $28·66. This was admitted.

The defendant next called Daniel Bagley, a witness, who testified that he was one of the arbitrators mentioned; that Harmon sued Hyatt on his private account before said Latham; that on the return of the summons, the matter was submitted to the arbitration of three persons, who, it was agreed by Harmon and Hyatt, should make up their award, and that Latham should enter a judgment thereon in favor of the prevailing party. It was also agreed by said Harmon and Hyatt, that three other persons should be associated with the first three; and the six persons so chosen, of which he, the witness, and the said Latham, were two, should arbitrate, award, settle and determine the co-partnership account between said Harmon and Hyatt, and that said Latham should enter a judgment thereon in favor of the prevailing party; that they met, heard proof and made up their award upon their co-partnership accounts, and certified that said Harmon owed Hyatt $28·66 on the co-partnership accounts. This award was made on the 24th day of June, 1842, delivered to the said Latham, who entered a judgment thereon in favor of said Hyatt against said Harmon. An attempt was afterwards made to correct the award by five of the arbitrators only, but the justice refused to permit the judgment to be changed. This was all the material evidence given in the case.

The Court below decided that the judgment was void, and furnished no justification for either of the defendants. That inasmuch as one partner could not sue his co-partner in a justice's Court, and inasmuch, also, as no suit was pending to recover said partnership accounts, its submission to arbitration, and the making and delivering of the award aforesaid, did not authorize the entry of a judgment, and that the same was void, and the justice and plaintiff both trespassers. To this opinion of the Court, the defendants at the time excepted, and they now assign the same for error in this Court.

By the testimony, it appears that Harmon and Hyatt had a suit pending before Latham, a justice of the peace, that they submitted the matters in controversy to arbitrators, and

agreed that Latham should enter up judgment upon the award. The power of the justice to enter up judgment in this case is not questioned. It is within the provisions of the twentieth section of an "*Act concerning justices of the peace and constables.*" Gale's Stat. 407; R. L. 392.

It appears further by the testimony in the case, that while the suit alluded to was pending, the same parties, in the presence of the justice, agreed to submit the partnership accounts to arbitrators, and agreed also, that the justice should enter up judgment upon the award against the prevailing party. Here, it will be remarked that the agreement embraced two essential particulars. *First*, that their partnership accounts should be referred to arbitration; and *second*, that a judgment should be entered up upon the award. The justice made an entry of this agreement upon his docket. The partnership accounts were referred to arbitrators, and an award regularly made. The parties returned the same to the justice, and he having previously noticed their consent that he should enter up judgment upon such award, entered up judgment accordingly. Now one of these same parties, who consented to this act, charges the justice with trespass for performing it. Without inquiring whether these facts did not in effect constitute a licence to the justice, let us inquire whether the ground upon which the decision of the Court below was based, is tenable. The ground, then, assumed is, that one partner cannot sue another in a justice's Court. Though this may be true as a principle, it is not applicable in the present case. Partners may submit their partnership accounts to arbitration. They possess this right independent of statute, and this is precisely what these partners did in this case. They did not bring suit upon partnership accounts before a justice. They merely submitted their accounts, in his presence, to arbitration. They constituted himself one of the arbitrators. These arbitrators made an award. The award was for $28·66, in favor of Hyatt against Harmon. This was no longer a partnership account but a liquidated debt, determined by an award, and clearly within the jurisdiction of a justice. The agreement was, that the

Hyatt *et al. v.* Harmon.

justice should enter up judgment upon the award, and not upon the partnership accounts. He had consequently juris- diction of the subject matter.

It is only necessary now to inquire whether he had jurisdic- tion of the persons of the parties. The nineteenth section of the Act already alluded to, declares that "if both parties agree to have a difference decided by a justice of the peace without process, he shall enter the same on his docket, noting particularly such consent, and proceed as in other cases." This section authorizes both parties, without process, to go before a justice, and agree that he may render judgment in a case between them; and upon this, it becomes the duty of the justice to note such agreement on his docket, and render judgment in the case. Both the parties and the justice com- plied literally with this section, in the present case. They appeared before him agreed that he should enter up judg- ment upon the award, and he noted such agreement on the docket, and entered up judgment accordingly. It does not require what is technically called a confession of judgment to give the justice jurisdiction of the person. Such tech- nicality would be out of place in these Courts; the law only requires an agreement, and such agreement was made in this case. The justice had, therefore, jurisdiction of the per- sons. The judgment of the justice was valid, and this judg- ment, and the execution which issued thereon, were a justi- fication both to the justice and the plaintiff therein.

The judgment of the Court below is, therefore, reversed with costs.

*Judgment reversed.*